UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO ISAIAS DAVALOS PEREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. CV 20-4778 SVW (PVC)<br><br>**ORDER DENYING PETITIONER'S "MOTION OF ABEYANCE" AND SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |

　　　On May 28, 2020, Petitioner Lino Isaias Davalos Perez ("Petitioner") filed a "Motion of Abeyance" (the "Motion"). Petitioner asks the Court to hold "this case" in abeyance so that he may "exhaust all administrative remedies in State Courts of Appeal." (Motion at 1). The Court presumes that Petitioner seeks this extension to avoid the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner has not, however, actually filed a habeas petition.

　　　According to the Motion, Petitioner seeks an extension of time to initiate a federal habeas action because his appellate counsel did not raise unidentified "viable issues" on direct appeal. (*Id*. at 1). Petitioner states that these "viable issues" could "grant [him] relief in the state appeals system." (*Id*.).

Petitioner's Motion does not identify any grounds for habeas relief.  Nor does Petitioner indicate when and where he was convicted, or the outcome of any state appellate or post-conviction relief he has sought.  Regardless, even without this required information, the Court concludes that the requested relief cannot be granted.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy.  *United States Nat'l Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446 (1993).  Because Petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no concrete dispute presently before the Court for the Court to decide.  *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have his state-imposed conviction or sentence set aside).

Petitioner essentially seeks an advisory opinion regarding the potential untimeliness of any federal habeas petition he might file in the future.  However, under the "case-or-controversy" requirement of the United States Constitution, federal courts may not issue advisory opinions.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Thus, the Motion seeks relief which the Court cannot grant without violating the "case-or-controversy" requirement of the Constitution.  *See United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000) ("[B]ecause [petitioner] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.  Accordingly, we lack jurisdiction to consider the issue . . . ."); *Ramirez v. United States*, 461 F. Supp. 2d 439, 440 (E.D. Va. 2006) ("[A] motion for extension of time [to file a habeas action] is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution."); *Geivett v. Unknown*, 2019 WL 4081057, at *1 (C.D. Cal. Aug. 28, 2019) (court lacked jurisdiction to grant state prisoner's request for a stay submitted without an actual petition where the letter requesting the stay could not be construed as a § 2254 petition because it

did not comply with filing requirements applying to habeas petitions); *Harrison v. Warden*, 2016 WL 6436826, at *1 (C.D. Cal. Oct. 31, 2016) ("In a state prisoner's federal habeas action, the underlying 'controversy' is whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' Thus, a federal court lacks jurisdiction to consider petition-related requests 'unless and until such a [federal habeas] petition is actually filed.'") (internal citations omitted; brackets in original).

While district courts are empowered to stay and abey federal habeas actions under certain conditions, *see, e.g., King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009), the Court cannot determine at this stage of the proceedings whether Petitioner would be entitled to a stay. However, should Petitioner subsequently file an actual habeas petition, he may seek a stay of the petition at that time. The Court would then be presented with an actual case or controversy and would be able to rule on Petitioner's request.

IT IS ORDERED that Petitioner's Motion is DENIED and that Judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on Petitioner.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   December 3, 2020

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3